UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL SZURGOT,

                Petitioner,

   -vs-

ATTICA CORRECTIONAL FACILITY,

                Respondent.
_____

**DECISION AND ORDER**
**No. 06-CV-6411T**

## I. Introduction

*Pro se* petitioner, Daniel Szurgot ("Petitioner"), has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered April 16, 2002, in New York State, Supreme Court, Monroe County, convicting him, upon a plea of guilty, of Assault in the First Degree (N.Y. Penal Law ("Penal Law") § 120.10[3]), and Resisting Arrest (Penal Law § 205.30).

For the reasons stated below, the writ is denied and the petition is dismissed.

## II. Factual Background and Procedural History

Petitioner's conviction arises from an incident that occurred just after midnight on April 1, 2001 in the City of Rochester, wherein Petitioner, along with several other individuals, assaulted Michael O'Toole ("O'Toole") outside of his home. Plea Minutes [P.M.] of 03/26/02, 4-10.

On the night of the incident, O'Toole came outside of his home to demand quiet from a group of rowdy teenagers, and an argument ensued. Initially, the conflict only involved O'Toole and Tim Szurgot ("Tim"), Petitioner's brother. However, as the argument escalated, Petitioner and another individual, Brandon Caswell ("Caswell"), came to Tim's aid and all three individuals beat up O'Toole. Petitioner admitted to hitting and kicking O'Toole fifteen times, which included several blows to the head. O'Toole suffered permanent brain damage as a result of the attack. P.M. 6-7.

Petitioner was charged with Assault in the First Degree and Resisting Arrest. While out on bail, he was arrested in August 2001 and charged with Robbery, Assault and Grand Larceny in a separate, unrelated incident. Prior to the commencement of the trial for the incident involving O'Toole, Petitioner, upon the advice of counsel, agreed to a plea deal. In exchange for the guilty plea, the Monroe County Supreme Court agreed to sentence Petitioner to fifteen years for the assault charge and to allow Petitioner to serve the assault and resisting arrest sentences concurrently. The plea negotiations also addressed the likelihood that Petitioner would serve a ten-year concurrent sentence for the unrelated August 2001 incident, should he decide to plead guilty to those charges, which were pending in a different court. P.M. 2-3.

Petitioner was subsequently sentenced to fifteen years for

Assault in the First Degree, with one year to be served concurrently for Resisting Arrest. Sentencing Minutes [S.M.] of 04/16/02, 13-14.

Petitioner appealed his conviction on the ground that the sentence imposed was harsh and excessive. The Appellate Division, Fourth Department, unanimously affirmed the conviction, without opinion, on March 18, 2005. People v Szurgot, 16 A.D.3d 1181 (4th Dep't. 2005). Leave to appeal was denied by the New York Court of Appeals. People v Szurgot, 4 N.Y.3d 891 (2005).

Petitioner filed the habeas corpus petition presently before this Court, wherein he seeks relief on the following five grounds: (1) that the sentence imposed was harsh and excessive; (2) that his guilty plea was unlawfully induced; (3) that the prosecution failed to disclose exculpatory evidence; (4) that his conviction was obtained in violation of his right against self-incrimination; and (5) that he was denied the effective assistance of trial counsel. Petition [Pet.] ¶22A-D.

**III. General Principles Applicable to Habeas Review**

    **A.   The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state

-4-

court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

### B. Exhaustion Requirement

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838,

843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984).

**IV. Petitioner's Claims**

**1. PETITIONER'S CLAIM THAT HIS SENTENCE WAS HARSH AND EXCESSIVE**

Petitioner raised this claim on direct appeal, and it was rejected by the Appellate Division, without opinion. Szurgot, 16 A.D.3d at 1181. Although Petitioner properly exhausted this claim, it does not present an issue that is cognizable on habeas review.

It is well-settled that a habeas petitioner's challenge to the length of his prison term does not present a cognizable constitutional issue if the sentence falls within the statutory range. Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law.") (citing Underwood v. Kelly, 692 F.Supp 146 (E.D.N.Y. 1988), aff'

mem., 875 F.2d 857 (2d Cir. 1989)); accord Ross v. Gavin, 101 F.3d 687 (2d Cir. 1996) (unpublished opinion). Because Petitioner's sentence falls within the permissible statutory range, he may not challenge the length of the sentence in his petition. In this case, Petitioner received a fifteen year sentence for Assault in the First Degree, and a concurrent one year sentence for Resisting Arrest. Petitioner's sentence falls within the statutory range for these offenses. See Penal Law § 70.00, 70.15.

Thus, the claim does not present an issue that is cognizable by this Court, and habeas relief must be denied.

### 2. PETITIONER'S INVOLUNTARY GUILTY PLEA AND INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS ARE UNEXHAUSTED BUT "PATENTLY FRIVOLOUS"

Petitioner contends that: (1) his guilty plea was unlawfully induced and not voluntarily made with an understanding of the nature and consequences of his plea; and that (2) he received ineffective assistance of counsel. Petitioner raises both of these claims for the first time in the habeas petition. However, I find that these claims are "patently frivolous,"[1] and are dismissed on

---

[1] The Second Circuit has not yet established a standard for denying unexhausted claims under 28 U.S.C. § 2254(b)(2), but all four districts in New York have applied the "patently frivolous" test for dismissing such claims. See, e.g., Love v. Kuhlman, No. 99 Civ. 11063, 2001 U.S. Dist. LEXIS 22572 (S.D.N.Y. Dec. 12, 2001); Cruz v. Artuz, No. 97 Civ. 2508, 2002 U.S. Dist. LEXIS 11150 (E.D.N.Y. June 24, 2002); Toland v. Walsh, No. 02 Civ. 0399, 2008 U.S. Dist. LEXIS 24616 (N.D.N.Y. Mar. 26, 2008); Hammock v. Walker, 224 F. Supp. 2d 544 (W.D.N.Y. 2002). A minority of courts in this Circuit have denied such petitions when they do not raise even a colorable federal claim. See Hernandez v. Lord, No. 00 Civ. 2306, 2000 U.S. Dist. LEXIS 10228 (S.D.N.Y. July 21, 2000) (discussing cases applying this standard) (internal quotation marks omitted). Under either of these standards, Petitioner's claims are meritless.

the merits notwithstanding Petitioner's failure to exhaust them in the state courts, pursuant to 28 U.S.C. § 2254(b)(2).

To be constitutionally valid, a plea must be entered knowingly and voluntarily, with an understanding of its consequences. Parke v. Raley, 506 U.S. 20, 28-29 (1992). Petitioner contends that his plea was "unlawfully induced or not made voluntarily with understanding of the nature and consequences of plea." Pet. ¶22B. Petitioner attributes this to his young age[2] coupled with his limited intellectual capacity,[3] and because he was laboring under a misunderstanding that he would be sentenced to ten years imprisonment, not fifteen, if he entered a guilty plea. Id. The Court finds Petitioner's contention both unconvincing and disingenuous given that he indicated to the trial court during the plea colloquy that he had some high school education and that there was nothing that would prevent him from understanding what was happening. P.M. 4-5. Furthermore, the record shows that Petitioner had a history of involvement with the criminal justice system from a young age, suggesting he possessed, at the very least, a basic understanding of the system. S.M. 4-5. The record also reflects that Petitioner answered in the affirmative when the sentencing judge asked him, "[y]ou'll be sentenced to fifteen years

---

[2] Petitioner states that he had "just turned 20 at the time." Pet. ¶22B.

[3] Petitioner states that he "had an education level of the 6th grade." Pet. ¶22B.

-8-

in the Department of Corrections and five years post-release supervision. Do you understand that?" P.M. 12. Petitioner admitted that he had discussed the plea of guilty with his attorney, and intended to enter said plea with his attorney's advice and consent. P.M. 3. Thus, Petitioner's claim that his guilty plea was not entered knowingly and voluntarily is without merit.

Petitioner also contends that he received ineffective assistance of counsel. Pet. 8. The standard established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984) applies to a claim of ineffective assistance of counsel arising out of the plea bargaining process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient, and that this deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. Deficiency is measured by an objective standard of reasonableness and whether, "in light of all the circumstances, the identified acts or omissions, were outside the wide range of professionally competent assistance." Id. at 690. In terms of guilty pleas, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. To prevail, a petitioner must show that there is a "reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

Here, Petitioner has failed to establish that he received ineffective assistance of counsel. In fact, he fails to articulate how or in what way counsel provided ineffective assistance. Indeed, the record reflects that Petitioner changed counsel shortly before he entered his guilty plea. The record reflects that attorney Thomas Cocuzzi ("Cocuzzi") appeared on Petitioner's behalf on March 12, 2002, replacing attorney Peter L. Kristal ("Kristal"). See P.M. of 03/12/02. However, Petitioner does not indicate how the change in counsel adversely impacted him. The substance of his claim is that attorney Cocuzzi, who represented him when he entered his plea, failed to pursue a plea involving a shorter sentence. Pet. 8. This claim is unsubstantiated by the record. As Respondent correctly points out, at the time he entered the guilty plea, Petitioner was facing a number of serious felony charges from more than one indictment in different courts. P.M. 2. The record shows that both attorneys Kristal and Cocuzzi took this fact into consideration by negotiating a plea that would strategically minimize the period of incarceration Petitioner would serve for each of the pending serious offenses. Id. The Court cannot find that Petitioner received constitutionally deficient representation from counsel, given the serious charges in this case. Moreover, the Court notes that the basis of Petitioner's claim is his

dissatisfaction with the ultimate sentence he received, which is not a valid basis substantiating this claim of ineffectiveness of counsel. Albanese v. United States, 415 F.Supp.2d 244, 254 (citing United States v. Garguilo, 324 F.2d 795, 797 (2d Cir. 1963) ("A convicted defendant is a dissatisfied client, and the very fact of his conviction will seem to him proof positive of his counsel's incompetence.")). Similarly, Petitioner cannot establish that, had he proceeded to trial, he would have received a more favorable sentence. In his plea allocution, petitioner explicitly acknowledged that he understood the nature and extent of the charges pending against him, that he knowingly and voluntarily entered his plea, and that he had sufficient time to discuss the proposed plea with his attorney. P.M. 3-4. Therefore, Petitioner's claim of ineffective assistance of counsel, or that his plea was not knowingly or voluntarily made, is without merit and is dismissed.

### 3. PETITIONER'S REMAINING CLAIMS HAVE BEEN WAIVED BY HIS GUILTY PLEA

Petitioner's remaining claims –- that the prosecution failed to disclose exculpatory evidence and that his conviction was obtained in violation of his privilege against self-incrimination -- have been knowingly waived by his plea of guilty. Tollett v. Henderson, 411 U.S. 258, 267 (1973) (finding that a defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of

federal constitutional rights); accord United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea. 'He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards.'") (quoting Tollett, 411 U.S. at 267) (alteration in original)); see also United States v. Garcia, 339 F.3d 116, 117 (2d Cir. 2003) (per curiam) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea."). Petitioner's knowing and voluntary entry of the guilty plea (as discussed under "Section IV, 2" above) precludes the Court's review of these claims.

Accordingly, habeas relief is not available to Petitioner, and the claims are dismissed.

## V. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a

substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

---

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: January 20, 2010
Rochester, New York